IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GRECIA ESTATE HOLDINGS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**STAPLES, INC.,**<br><br>Defendant. | Civil Action No.:  6:21-cv-00660<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Grecia Estate Holdings LLC ("Grecia" or "Plaintiff") hereby brings this action for patent infringement against Staples, Inc. ("Staples" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,402,555, titled "Personalized digital media access system (PDMAS)" (the '555 Patent), attached hereto as Exhibit A.

**NATURE OF THE ACTION**

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

**PARTIES**

3. Plaintiff Grecia Estate Holdings LLC is a limited liability company with a principal place of business in Austin, TX.

4. On information and belief, Staples, Inc. is a Delaware corporation, having its principal place of business in Framingham, Massachusetts. Defendant may be served by its

registered agent the Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Texas and Western District of Texas; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Texas; (4) Defendant regularly conducts business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this district; and (5) Defendant has a regular and established place of business in the State of Texas and in this district.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Western District of Texas including but not limited to the products which contain the infringing '555 patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in this district; Defendant solicits and has solicited customers in the State of Texas and in this district; and Defendant has paying customers who are residents of the State of Texas and this district and who each use and have used the Defendant's products and services in the State of Texas and in this district.

8.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1400(b). Defendant has a regular and established place of business in this district, Defendant has transacted business in this district, and Defendant has directly and/or indirectly committed acts of patent infringement in this district.

**PATENT-IN-SUIT**

9.     On March 19, 2013, United States Patent No. 8,402,555 was duly and legally issued by the United States Patent and Trademark Office. The '555 Patent is titled "Personalized digital media access system (PDMAS)."

10.    Grecia Estate Holdings LLC is the owner of '555 Patent and has all right, title and interest in the '555 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '555 Patent. Accordingly, Grecia possesses the exclusive right and standing to prosecute the present action for infringement of the '555 Patent by Defendant.

11.    The application leading to the '555 patent was filed on February 15, 2012.

12.    The present invention relates to the field of digital rights management schemes used by creators of electronic products to protect commercial intellectual property copyrights privy to illegal copying using computerized devices. (Ex. A, at 1:19-22.) More specifically, the present invention teaches a more personal system of digital rights management which employs electronic ID, as part of a web service membership, to manage access rights across a plurality of devices. (Ex. A at 1:22-26.)

13.    At the time the '555 patent was filed, there existed various problems in traditional DRM systems. Existed systems and methods suffered from a few notable shortcomings. For example, in existed systems, in some cases content can terminate access after a set amount of time,

or the process can break if the provider of the DRM server ever ceases to offer services. (Ex. A at 1:51-53.) The inventions disclosed in the '555 patent addressed such problems and were not well-understood, routine, or conventional.

## ACCUSED PRODUCTS

14. Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its Staples.com (collectively, the "Accused Product" or "Accused Instrumentality").

## COUNT I
### (Infringement of U.S. Patent No. 8,402,555 Claim 11)

15. Plaintiff incorporates the above paragraphs herein by reference.

16. The '555 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 19, 2013. The '555 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

17. Plaintiff is the owner of the '555 patent and possesses all rights of recovery under the '555 patent, including the exclusive right enforce the '555 patent and pursue lawsuits against infringers.

18. Without a license or permission from Plaintiff, Defendant has infringed and continues to infringe Claim 11 of the '555 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, in violation of 35 U.S.C. § 271.

**Direct Infringement – 35 U.S.C. § 271(a)**

19. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

20. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe Claim 11 of the '555 Patent by importing, making, using, offering for sale, or selling products, systems, and/or services that embody the patented invention, in violation of 35 U.S.C. § 271.

21. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of Claim 11 of the '555 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc*., 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

22. By way of example, Defendant has infringed and continues to infringe Claim 11 of the '555 Patent. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 11 of the '555 Patent.

23. Claim 11 of the '555 patent teaches "The method of claim 2, wherein the membership verification token comprises at least one token -Selected from the group consisting of a purchase permission, a rental permission, and a membership permission, coupled to a royalty scheme; wherein the purchase permission, rental permission, and membership permission is represented by one or more of a letter, number, combination of letters and numbers, phrase, authorization, list, interface button or an instrument of trade for access rights of the encrypted digital media. (Ex. A at 15:56-64.)

24. Claim 2 of the '555 patent teaches "The method according to claim 1, wherein the member ship verification token is one or more of a structured password, a random password, e-mail address, payment system and one or more redeemable instruments of trade for access rights of the encrypted digital media. (Ex. A at 14:65-15:2.)

25. Claim 1 of the '555 patent teaches a method for monitoring access to an encrypted digital media, the method facilitating interoperability between a plurality of data processing devices, the method comprising:

> receiving an encrypted digital media access branding request from at least one communications console of the plurality of data processing devices, the branding request being a read or write request of metadata of the encrypted digital media, the request comprising a membership verification token provided by a first user, corresponding to the encrypted digital media;
>
> authenticating the membership verification token, the authentication being performed in connection with a token database;
>
> establishing a connection with the at least one communications console wherein the communications console is a combination of a graphic user interface (GUI) and an Application Programmable Interface (API) protocol, wherein the API is related to a verified web service, the verified web service capable of facilitating a two way data exchange to complete a verification process;
>
> requesting at least one electronic identification reference from the at least one communications console wherein the electronic identification reference comprises a verified web service account identifier of the first user;
>
> receiving the at least one electronic identification reference from the at least one communications console; and
>
> branding metadata of the encrypted digital media by writing the membership verification token and the electronic identification reference into the metadata.

(Ex. A at 14:36-64.)

26. The Staples.com CPU monitor access to financial data of the EMVCo Secure Remote Commerce (aka: "Click to Pay") payment system (Sullivan: computer based apparatus) by writing EMVCo membership data to associate with a Click to Pay Profile ID data (Sullivan, metadata, data about data). See Exhibit B.

27. The Click to Pay purchase permission is represented by the Click to Pay interface button. Id.

28. Click to Pay EMVCo membership data is a EMV card number token which is a EMV payment system. Id.

29. The Staples.com CPU receives an access request for Click to Pay financial data. Id.

30. The request comprises a EMVCo membership verification token (e.g., EMVCo Primary Account Number (PAN)). Id.

31. The Staples.com Communications Console is the EMVCo Java Script Software (see page 3 below). Id.

32. The Staples.com CPU authenticate the EMVCo membership PAN with a database of accepted "valid" EMVCo PAN types. Id.

33. The Staples.com CPU communications console establishes a connection to the Click to Pay Profile (e.g., EMV Secure Remote Commerce) API verified web service. Id.

34. The Staples.com CPU communications console request and receive a Click to Pay Profile web service identifier. Id.

35. The Staples.com CPU writes the received EMVCo membership PAN and the Click to Pay Profile ID to metadata of the Click to Pay payment system. Id.

36. Writing the metadata to describe what EMVCo Membership PAN data (e.g., *9475) is associated with the Click to Pay Profile I. Id.

**Plaintiff Suffered Damages**

37. Defendant's acts of infringement of the '555 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Plaintiff's exclusive rights under the '555 Patent will continue to

38. damage Plaintiff causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

## REQUEST FOR RELIEF

WHEREFORE, Grecia Estate Holdings LLC prays for the following relief against Staples, Inc.:

(a) Judgment that Staples, Inc. has directly infringed claim 11 of the '555 patent;

(b) For a reasonable royalty;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d) For injunctive relief, including a preliminary injunction; and

(e) For such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Grecia Estate Holdings LLC demands a trial by jury on all matters and issues triable by jury.

Respectfully Submitted,

Date: June 24, 2021

/s/Artoush Ohanian
H. Artoush Ohanian
artoush@ohanianip.com
OhanianIP
604 West 13th Street
Austin, Texas 78701
(512) 298.2005 (telephone & facsimile)

Matthew M. Wawrzyn (*pro hac vice pending*)
matt@wawrzynlaw.com
WAWRZYN LLC
200 East Randolph Street, Suite 5100
Chicago, IL 60601
(312) 235-3120 (telephone)
(312) 233-0063 (facsimile)

*Counsel for Grecia Estate Holdings LLC*